DA 06-0122

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 170N

RICHARD EDWARD SHREVES,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 2005-311
Honorable Dorothy McCarter, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

      Richard Shreves, *Pro Se*; Deer Lodge, Montana

      For Respondent:

        The Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

        Leo Gallagher, Lewis and Clark County Attorney; Lisa Leckie,
Deputy County Attorney, Helena, Montana


        Submitted on Briefs:  April 18, 2007

        Decided:  July 17, 2007


Filed:

_____
        Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Richard Edward Shreves appeals from the order entered by the First Judicial District Court, Lewis and Clark County, denying his petition for postconviction relief. The District Court reasoned that Shreves' ineffective assistance of counsel claims were without merit, his other claims were not appropriately raised in postconviction proceedings because they could have been raised on direct appeal and, in any event, the latter claims were without merit.

¶3 On appeal, Shreves argues his counsel was ineffective in failing to assert a defense of mental disease or defect or negotiate a plea bargain, despite his assertion of innocence and his instruction to take the case to trial. In this respect, Shreves contends counsel should have realized his mental state at the time was such that he would distrust and fear her as an authority figure, second-guess her motives, and demonstrate evasiveness with respect to matters that might incriminate himself. In addition, Shreves asserts counsel was ineffective because she inadequately communicated with him regarding his request

for a change of venue on resentencing and other issues; failed to investigate matters involving his mental state; used profanity with him; and responded to Shreves' expressed concern that some issues would be procedurally barred in postconviction proceedings by misleading him into believing she would raise certain issues on direct appeal and by stating some issues were "dead" or more appropriately raised in postconviction proceedings than on direct appeal. Regarding his claims concerning prosecutorial misconduct, his mental state during preliminary proceedings and trial, and juror bias or misconduct, Shreves relies on *Hans v. State*, 283 Mont. 379, 410, 942 P.2d 674, 693 (1997), for the proposition that counsel's "abandonment" of him—which Shreves asserts has resulted from counsel's failure to raise the issues on direct appeal after sentencing or resentencing—entitles him to raise the issues in postconviction proceedings even though they were not raised on direct appeal.

¶4 Shreves also posits that, at a hearing regarding his representation before his resentencing, the resentencing judge demonstrated bias regarding counsel's abilities, did not allow Shreves to fully present his complaints regarding counsel's representation, and rejected his request for a change of venue for resentencing. In addition, Shreves contends the resentencing judge was generally biased against him because that judge had presided over his initial District Court appearance, when he was exhibiting symptoms of mental illness.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this

3

appeal is without merit because the issues are clearly controlled by settled Montana law that the District Court correctly interpreted.

¶6    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE